IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MIGUEL RODRIGUEZ-VAZQUEZ**<br>    **Petitioner**<br><br>   **v.**<br><br>**UNITED STATES OF AMERICA,**<br>    **Respondent** | **Civil No. 05-1255 (PG)**<br>[Related to Criminal No. 02-393 (PG)] |

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 2255, petitioner, Miguel Rodríguez-Vázquez (hereinafter "Rodríguez") filed a motion to vacate and set aside his sentence imposed by the Court in Criminal No. 02-393(PG) (**Docket No. 1**).

He seeks § 2255 relief based upon the United States Supreme Court's recent rulings in *United States v. Booker,* 542 U.S.–, 125 S.Ct. 738 (2005) and *Blakely v. Washington,* 542 U.S.–, 124 S.Ct. 2531 (2004). After careful review of the record and the applicable law, this Magistrate-Judge **RECOMMENDS** that the § 2255 motion be **DENIED**.

### I.     Factual and Procedural Background

On October 4, 2002, the grand jury returned a two-count indictment against Rodríguez and 41 other defendants, charging him for his participation in a conspiracy to illegally possess with intent to distribute narcotic controlled substances in excess of five kilograms of cocaine, 50 grams of cocaine base, and/or one kilogram of heroin in violation of 21 U.S.C. § 841(a)(1) and 846. The indictment also contained a criminal forfeiture count pursuant to 21 U.S.C. § 853(a)(1) and (2). *Criminal Case No. 02-393(PG)*, **Docket No. 2**. Rodríguez entered into a plea agreement and pleaded guilty at a hearing held on July 21, 2003. *Id.* at **Docket Nos. 559, 560, 1334.** At that time Rodríguez pled guilty to Count One of the indictment. He was sentenced on November 5, 2000, to a 70 month term of imprisonment, a supervised release term of four years and a Special Monetary Assessment of $100.00. *Criminal Case No. 03-393(PG)*, **Docket Nos.795, 1321**. Judgment was entered on November 5, 2003. *Id.* at **Docket No. 796**.

Civil Case No. 05-1255(PG)                                                                                                  Page 2

Rodríguez did not appeal his conviction or sentence.  He now seeks § 2255 relief based upon recent rulings by the United States Supreme Court, *United States v. Booker,* 542 U.S.–, 125 S.Ct. 738 (2005) and *Blakely v. Washington,* 542 U.S.– , 124 S.Ct. 2531 (2004).  The government submits that the claims lack merit and that the petition is time barred.

## II.   Conclusions of Law

Pursuant to 28 U.S.C. § 2255 there are four grounds upon which a federal prisoner may base a claim for relief.  The petitioner may assert that:  1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; and, 4) that the sentence is otherwise subject to collateral attack.  A federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ."  28 U.S.C. §2255.  However, such a petition may be summarily denied where it contains mere bald assertions without specific factual allegations.  *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992).

### A.   *Booker/Blakey* Claim

Rodríguez argues that his sentence was unconstitutionally imposed as a result of the United States Supreme Court's ruling in *United States v. Booker,* 542 U.S.–, 125 S.Ct. 738 (2005) and *Blakely v. Washington,* 542 U.S.– , 124 S.Ct. 2531 (2004).  Both cases were decided subsequent to the conclusion of Rodríguez's case[1].  *Booker* which dealt with the federal Sentencing Guidelines, holds that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," *id.* at 756, insofar as the sentence is imposed under a mandatory guideline regime, *see id.* at 756-57, 767-68.

Virtually every United States Appellate Court to address the issue, has found that the holdings of *Booker* and *Blakely* are not retroactive on collateral review.  This is because the new

---

[1] *Booker* was decided on January 12, 2005, and *Blakely* was decided on June 24, 2004.

Civil Case No. 05-1255(PG)                                                                 Page 3

rule rendering the Sentencing Guidelines as advisory is procedural rather than substantive in nature. Notably, Rodríguez concedes that the U.S. Appellate Court for the First Circuit has held that Booker does not apply retroactively, citing to *Cirilo-Muñoz v. United States*, 404. F.3d 527 (1st Cir. 2005). Nonetheless, he contends he is entitled to § 2255 relief.

However, the holdings of *Booker* and *Blakely* do not qualify as a "watershed rule" implicating "the fundamental fairness and accuracy of the criminal proceedings." *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257 (1990); *see also McReynolds v. United States, supra; Schriro v. Summerlin,* – U.S.–, 124 S.Ct. 2519, 2523-26 (2004); *Sepúlveda v. United States,* 330 F.3d 55, 63 (1st Cir. 2003). Further, when the Supreme Court's decided *Booker,* it was very explicit in stating that *Booker* was to be applied retroactively to all cases pending on *direct review* or not yet final, *with no exception* for cases in which the new rule constitutes a "clear break" with the past. *Booker*, 125 S.Ct. at 769. (Court's emphasis). More so, the U.S. Appellate Court for the First Circuit has held that petitions under 28 U.S.C. § 2255 are unavailable to advance *Booker* claims in the absence of a Supreme Court decision rendering *Booker* retroactive. *United States v. Frazier,* 407 F.3d 9, 11 (1st Cir. 2005) (citing *Cirilo-Muñoz v. United States,* 404 F.3d 527 (1st Cir.2005). Finally, it must be noted that numerous courts have failed to find a retroactive application in either *Booker* or *Blakely*. *See, McReynolds v. United States,* 397 F.3d 479, 480 (2d Cir.2005) (holding that *Booker* does not apply retroactively to collateral proceedings under §§ 2255); *Guzman v. United States,* – F.3d – , 2005 WL 803214 (2d Cir. Apr. 8, 2005); *Varela v. United States,* 400 F.3d 864 (11th Cir. 2005); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005); *Carmona v. United States,* 390 F.3d 200, 202 (2d Cir. 2004) (the Supreme Court has not made the *Blakely* rule applicable to cases on collateral review); *Simpson v. United States,* 376 F.3d 679, 681-682 (7th Cir. 2004) (same); *In re: Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004) (*Blakely* rule does not apply retroactively on collateral review and cannot authorize a successive habeas petition).

Based upon the foregoing, Rodríguez, who seeks collateral relief under § 2255, is not entitled to relief under the holdings of either *Blakely* or *Booker*.

Civil Case No. 05-1255(PG)                                                                                   Page 4

**B.      Timeliness**

Rodríguez filed his § 2255 motion on February 22, 2005[2]. He was sentenced on November 5, 2003, and did not appeal his sentence. There is a one-year period during which a petition for post-conviction relief may be filed. The time runs from the latest of (1) the date on which the prisoner's judgment of conviction became final; (2) the date on which any government-created impediment to filing his petition was removed; (3) the date on which the right asserted was recognized by the Supreme Court; or (4) the date on which the facts supporting the claim "could have been discovered through the exercise of due diligence." 28 U.S.C.A. § 2255.

Here, the record does not indicate that the Government impeded Rodríguez from filing his petition earlier; that the rights he is asserting were first recognized by the Supreme Court after he was sentenced; or that there were facts to support his claim that he discovered some time after he was sentenced. Accordingly, the one-year period for filing his § 2255 motion began to run after his judgment of conviction became final.

Inasmuch as, Rodríguez did not appeal his sentence or conviction, he had, at most, forty days to file an appeal. *See* Fed.R.App.P. 4(b). Judgment was entered on November 5, 2003, making judgment final, at the latest, on December 15, 2003, forty days from the date of his sentence. Rodríguez filed the on February 22, 2005, over one year later. Accordingly, the § 2255 motion is time-barred,  was not timely filed and must be dismissed.

**III.    Conclusion**

**IT IS THEREFORE RECOMMENDED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Docket No. 1**) be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72(a) and Local Criminal Rule 157.1. Any objections to the same must be specific and

---

[2] The Motion was signed on February 22, 2005, sent in an envelope postmarked February 23, 2005, and received and filed by the Clerk's Office on March 5, 2005. *See Morales-Rivera v. United States*, 184 F.3d 109, 110 (1st Cir. 1999) (*a pro se* prisoner's motion under 28 U.S.C. § 2255 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail).

Civil Case No. 05-1255(PG)                                                                                         Page 5

must be filed with the Clerk of Court **within ten (10) days** of its receipt. Local Rule Civ. Rule 72(d); Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

   **SO RECOMMENDED.**

   At San Juan, Puerto Rico, this 29th day of September, 2005.

                                                                                  S/**AIDA M. DELGADO-COLON**
                                                                                  **U.S. Magistrate-Judge**