IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL RODRÍGUEZ VÁZQUEZ,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL NO. 05-1255 (PG)
CRIMINAL NO. 03-0393(PG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

After pleading guilty to a serious drug case involving 43 associated defendants, petitioner was sentenced on November 5, 2003 to a 70-month term of imprisonment and judgment was entered on the following day. (Criminal No. 02-0393(PG), Docket No. 796.) He did not appeal.

On March 9, 2005, Rodríguez Vázquez filed a section 2255 motion. After the court considered and approved a report and recommendation which was filed on September 30, 2005, the 2255 motion was denied and judgment entered on October 18, 2005. (Docket No. 13.)

After addressing a motion for reconsideration, the court vacated the judgment and referred an objection to the report and recommendation on April 19, 2006. (Docket No. 19.)

Petitioner does not dispute the magistrate judge's conclusion that the First Circuit has held United States v. Booker, 543 U.S. 220 (2005) inapplicable to habeas

CIVIL NO. 05-1255 (PG)                    2
CRIMINAL 03-0393 (PG)

corpus review under the principles of Teague v. Lane, 489 U.S. 288 (1989). Petitioner argues that he posed an alternate question, namely whether Teague is inapplicable to a new judicial ruling which shows that a defendant's sentence is illegal, and thus void. Petitioner also objects to the finding that the petition is time-barred. If the court decides that Teague does not apply, then it may arguably proceed to the merits. If the report and recommendation is accepted, then petitioner argues that in any event he is entitled to a Certificate of Appealability. See Miller-El v. Cockrell, 537 U.S. 322 (2003). He stresses that the question of whether Booker qualifies as a watershed rule is debatable, and that this "debatability" as opposed to the resolution, is the question to be considered. He also argues that his sentence was illegal because the judge attributed to him a two-point enhancement for possession of a weapon during the commission of the conspiracy based upon information in the pre-sentence report reflecting petitioner's conviction of weapons charges in a state case.[1] Because of this illegality, he argues he is entitled to have his sentence vacated.[2]

---

[1] Arguably, based on the facts admitted, petitioner was exposed to a sentencing range of 57-71 months, offense level 25, Criminal History Category of I. The possession of a weapon increased the base offense level to 27, and provided for a sentencing range of 70-87 months. The sentence was at the low end of the guideline.

[2] I am not unmindful of the fact that petitioner's initial brief filed on March 9, 2005 makes references to matters not appearing in the record at the time, speaking of government concessions and arguments, even quoting from a non-existent brief. (Docket No. 1, at 5, ¶ d.) The government filed its only brief on June 30, 2005. (Docket No. 9.)

CIVIL NO. 05-1255 (PG)                              3
CRIMINAL 03-0393 (PG)

"[J]urisprudence [has] protected defendants from being convicted on less than proof beyond a reasonable doubt of each and every element of a charged crime. See In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (holding that 'the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the [charged] crime'). Notwithstanding the prevalence of this principle, courts have routinely approved the practice of enhancing sentences based on a judge's factual determinations. See, e.g., United States v. Thomas, 204 F.3d 381, 383 (2nd Cir. 2000); United States v. Grimaldo, 214 F.3d 967, 974-75 (8th Cir. 2000); United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996)." Sepúlveda v. United States, 330 F.3d 55, 62 (1st Cir. 2003). "[T]he use of judge-made findings at sentencing does not undermine 'accuracy' (in terms of substantially different outcomes) or undermine fundamental fairness. Such judge-made findings have been the conventional practice throughout our nation's history. They will, post-Booker, continue to be the rule where the sentence is within statutory limits. [The Court of Appeals has] already decided that Apprendi,[3] 530 U.S. at 490, 120 S.Ct. 2348, which provides jury trials for increasing statutory maximums, would not apply retroactively. See Sepúlveda, 330 F.3d at 61-63. This resolves any comparable Blakely-like claim in this circuit." Cirilo-Muñoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005). On the date of sentencing, the judge was allowed to rely on the state

---

[3]Apprendi v. New Jersey, 530 U.S. 466 (2000).

CIVIL NO. 05-1255 (PG) 4
CRIMINAL 03-0393 (PG)

conviction related in the presentence report to make a two-point enhancement. The judge followed the guidelines that were, at the time of sentence, mandatory upon the sentencing judge to follow, just as it is now mandatory to follow the guidelines in an advisory fashion after Booker was decided. Thus the sentence was not rendered illegal because it was based in part on reliable information in the pre-sentence report.

In Teague v. Lane, 489 U.S. 288 (1989), the Supreme Court held that "new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The Court created two exceptions to this general rule, that is, if the new rule 1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," id. at 307 (citation omitted); or 2) is a "watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Beard v. Banks, 542 U.S. 406, 417 (2004) (citation omitted).

It is clear that the rule rendering the Sentencing Guidelines advisory rather than mandatory, is procedural and not substantive in nature. Hence, the announced rule does not qualify as a "'watershed rule[] . . . ' implicating the fundamental fairness and accuracy of the criminal proceeding." Saffle v. Parks, 494 U.S. 484, 495 (1990); see Schriro v. Summerlin, 542 U.S. 348, 352 (2004). The watershed exception "is extremely narrow . . . [and] the Supreme Court … has 'yet

CIVIL NO. 05-1255 (PG)                              5
CRIMINAL 03-0393 (PG)

to find a new rule that falls under the Teague exception.'" Lloyd v. United States, 407 F.3d 608, 614 (3rd Cir.), cert. denied, 126 S. Ct. 288 (2005) (quoting Beard v. Banks, 542 U.S. at 417). The exception "is reserved for watershed rules that . . . 'improve the accuracy of trial, [and] "alter our understanding of the bedrock procedural elements" essential to the fairness of a proceeding.'" Lloyd v. United States, 407 F.3d at 614 (citations omitted). Indeed, considering the two very narrow exceptions to the absolute bar on the retroactive applicability of new rules on habeas review, the second exception, the one that petitioner stresses upon the court as debatable, has never been used. See Beard v. Banks, 542 U.S. at 417. Petitioner cites United States v. Siegelbaum, 359 F. Supp. 2d 1104 (D. Or. 2005) for the possibility that the Supreme Court may apply Booker retroactively. It may. Then again, it may not. In any event, that and related opinions cited, are neither controlling nor convincing. See United States v. Fisher, 421 F. Supp. 2d 785, 791 n.6 (D. Del. 2006). In Tyler v. Cain, 533 U.S. 656 (2001), the court held: "[T]he Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." Id. at 663. A fortiori, a review of all of the circuits reveals that Booker's new rule of criminal procedure does not qualify as a "watershed" exception under Teague. The issue is currently not debatable. United States v. Gentry, 432 F.3d 600, 604-05 (5th Cir. 2005); United States v. Morris, 429 F.3d 65, 72 (4th Cir.

CIVIL NO. 05-1255 (PG)  6
CRIMINAL 03-0393 (PG)

2005); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005), cert. denied, 126 S. Ct. 1181 (2006); Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005); Lloyd v. United States, 407 F.3d at 613; Cirilo-Muñoz v. United States, 404 F.3d at 533; Guzmán v. United States, 404 F.3d 139, 143 (2nd Cir.), cert. denied, 126 S. Ct. 731 (2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005); United States v. Humphress, 398 F.3d 855, 863 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); United States v. McReynolds, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005); see In re Zambrano, 433 F.3d 886, 887-88 (D.C. Cir. 2006).  As noted by the previous magistrate judge, petitioner's motion is time-barred.  In any event, petitioner's right to jury trial and due process has not been violated.  Petitioner is thus not entitled to a Certificate of Appealability.

In view of the above, I recommend that the motion be denied and that this action be dismissed.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d

CIVIL NO. 05-1255 (PG)                              7
CRIMINAL 03-0393 (PG)

22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 22d day of May, 2006.

                                        S/ JUSTO ARENAS
                                        Chief United States Magistrate Judge